## Josiah Dunham vs. Albert S. Burlingame & others.

The citation by which, under the Rev. Sts. c. 98, notice is to be given to a creditor of the time and place appointed for the examination of his debtor, committed on execution, who desires to take the poor debtors' oath, need not be a warrant to an officer, commanding him to give the notice, but may be addressed to the creditor himself.

It is not necessary that such citation should name the magistrates before whom it is to be returned, nor that the officer, who serves it, should select and name the magistrates who are to examine the debtor.

Where such a citation, addressed to the creditor, first recites that the jailer has made known to the justice that the debtor is committed on execution, and has represented to the jailer that he is unable to pay the debt for which he is committed, and is desirous to take the benefit of the law for the relief of poor debtors, and the justice then adds — " I hereby appoint " (naming a day and place) " the time and place for the examination of said debtor on his oath, concerning his estate and effects, and the disposal thereof and his ability to pay the debt, and to hear any other legal and pertinent evidence, and I give you notice thereof by this citation " ; and the officer returns that he has " served the above citation by reading the same in the presence and hearing " of the creditor ; the notice is sufficient to inform the creditor that the debtor intends to take the poor debtors' oath at the time and place appointed.

Debt on a bond for the liberty of the prison limits. Burlingame, the principal obligor, was committed to prison, on an execution in favor of the plaintiff, and was discharged, on the 13th of May, 1839, by two justices of the quorum, upon his taking the poor debtors' oath. The notice, which was given to the plaintiff of the time and place appointed for Burlingame to take said oath, and on which the questions, argued in this case, were raised, was in the form set forth in the margin. *

*Fletcher & Goodrich*, for the plaintiff.

*Choate & Buttrick*, for the defendants.

---

* " Middlesex, ss. To Josiah Dunham of Boston in the county of Suffolk, Ropemaker. Whereas Nathaniel Watson, keeper of the jail at Cambridge, in the county of Middlesex, has made known to me, the subscriber, one of the justices of the peace for said county, that Albert S. Burlingame of Brighton, in the county of Middlesex, Trader, who is committed on an execution, issued from the clerk's office of the court of common pleas within and for the county of Suffolk, and dated the sixth day of April, 1839, for five thousand five hundred and ninety-four dollars and fifty-two cents, damage, and five dollars and twenty-two cents, costs of suit, in a civil action in which you are the creditor, has represented to said jailer, that he is unable to pay the debt, for which he is committed, and is desirous to take the benefit of the law for the relief of poor debtors—I hereby appoint Monday, the thirteenth day of May next at ten o'clock

Dunham *v.* Burlingame & others.

SHAW, C. J.   In debt on bond conditioned to keep within the prison limits, the question is whether the principal was lawfully discharged by the certificate of the justices before whom the prisoner was admitted to take the poor debtors' oath.   The objection is, that the justices had no jurisdiction, because the preliminary requisites of the statute had not been complied with.

The first exception is, that the notice or citation to the creditor, issued by the justice of the peace to whom, at the debtor's request, the jailer applied for that purpose, was a summons or citation, addressed to the party to receive the notice, and not a writ, warrant or precept to the officer, directing him to give such notice.   The statute requires no prescribed form of process for this purpose.   The provision is, (Rev. Sts. *c.* 98, § 2,) that the justice shall, upon such representation, appoint a time and place for the examination of the debtor, and shall give notice thereof to the creditor, by a citation under his hand, to be served and returned by an officer, qualified to serve any civil process between the same parties.   The following section directs that the mode of service shall be by reading the citation to the creditor, or by leaving an attested copy at his usual place of abode, &c.

The Rev. Sts. *c.* 85, § 29, provide that justices of the peace may issue all writs, warrants and processes, that may be necessary or proper to carry into effect the powers granted to them ; and when no form is prescribed therefor by statute, they shall frame one in conformity with the principles of law, and the usual course of proceedings.

in the forenoon, and the office of said jailer in Cambridge, in said county of Middlesex, the time and place for the examination of said debtor on his oath, concerning his estate and effects, and the disposal thereof, and his ability to pay the debt for which he is committed, and to hear any other legal and pertinent evidence, that may be produced by him or you ; and I give you notice thereof by this citation, under my hand, this twelfth day of April, in the year eighteen hundred and thirty-nine.

" ISAAC FISKE, Justice of the Peace.

" Suffolk, ss.   Boston, April 12th, 1839.   I this day served the above citation on the above named Josiah Dunham by reading the same to him in his presence and hearing.

J. A. COOLIDGE, Constable."

There being in this case no form of citation prescribed by statute, the court are of opinion that the justice might lawfully adopt either form of citation ; that is, a notice under his hand, addressed to the party, or a warrant to the officer, commanding him to give the notice. Either form, the service in both cases being the same, would effectually give the notice which is the substance ; and there are respectable authorities for either form of process.

Subpœnas in chancery, notices to show cause, citations from the probate office, notices to deponents, and to adverse parties, it is believed, and many other cases of a similar kind, are addressed to the party to be affected with the notice.

The case of *Brier* v. *Woodbury*, 1 Pick. 366, is cited to prove that a constable cannot serve a process that is not directed to him. That remark was made in reference to the case then before the court. It was the case of a common execution in a civil action, not originally directed to a constable, but fraudulently altered by inserting such a direction, without authority ; and the court held that it was not in fact rightfully directed to a constable, and that he had no authority to serve it or collect the money upon it. It has no bearing upon the present case.

But it was urged, that as the statute requires such citation to be served and returned, the return implies that the magistrate must be named, before whom it is to be returned ; and by another necessary implication, the officer serving the citation must select and name the two justices of the quorum, who are to constitute the court for taking the examination of the prisoner, and administering the poor debtors' oath.

We can perceive no such implication. The statute provides that the examination may be had before any two justices of the county, each of whom shall be of the quorum, disinterested, and not related either to the debtor or creditor. There is no mode of selecting and designating these magistrates prescribed by statute, and it being a service to be done at the request, and for the benefit of the debtor, it is to be presumed that he will engage such magistrates to attend. The time and place being fixed in

the citation, the officer will of course return his citation, with his service thereon, at such time and place.

The case of *Fisher* v. *Shattuck*, 17 Pick. 252, where a precept, issued by one magistrate and returned before another, was held to be *coram non judice*, was decided upon the express words of the statute which gave the jurisdiction.

The other general ground of exception to the jurisdiction of the justices who administered the poor debtors' oath, and discharged the prisoner in the present case, is, that the citation did not inform the creditor that the debtor proposed to take the oath, but only appointed a time and place for the examination of the debtor on his oath. This objection is founded upon the somewhat new and startling argument, that the direct notice only is to be read by the officer to the creditor ; without reading the full recital that precedes it. The whole notice is as follows : [Here the chief justice recited the paper as it is set forth, *ante* p. 271, 272, in the margin.] It is addressed to the creditor on whose execution the debtor stands committed. The fact of commitment and its object are therefore known to the party addressed.

The recital states that the debtor has represented to the jailer, that he is unable to pay the debt, and is desirous to take the benefit of the law for the relief of poor debtors. This is not like some cases, where the notice referred to a particular statute by its title and misrecited it. It refers to the law on a particular subject. This is a general law, and the presumption is, that no man is ignorant of the general law. The presumption is conclusive in regard to a creditor, and his knowledge of the laws for the relief of the poor debtor committed on execution. The Rev. Sts. *c.* 98, § 1, provide that the person committed on execution shall represent to the jailer, that he is unable to pay the debt, and is desirous to take the benefit of the law for the relief of poor debtors, and the jailer shall make *the same* known to some justice of the peace. The justice shall thereupon appoint a time and place for the examination of the debtor, and give notice thereof to the creditor. The subject, of which notice is to be given, is the representation of the debtor, that he is unable to pay the debt, and is desirous of taking the benefit of

the law for the relief of poor debtors. Taking the recital and the notice together, it seems to be in exact conformity with the provisions of law.

No rule of exposition is better established than this — that the whole of an instrument is to be taken together, in construing its meaning. Contracts, wills, statutes, instruments of every description, are thus to be construed ; and in many cases, such recitals and preambles render the meaning clear, which would be otherwise unintelligible.

The court are of opinion, that the proceedings in this case were regular, that the justices had jurisdiction, and that the debtor was rightfully discharged, and therefore committed no breach of his bond in going at large.

*Plaintiff nonsuit.*